UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                                    :

AMIR M. GALAL EL-DIN                                     :

                                                 Plaintiff,          :                    12 Civ. 1133 (PAE)
                  -v-                                            :
                                                                            :                    OPINION & ORDER

NEW YORK CITY ADMINISTRATION FOR  :
CHILDREN'S SERVICES,
                                                                            :

                                               Defendant.       :
                                                                            :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Amir M. Galal El-Din, an employee of the New York City Administration for Children's Services ("ACS"), brings claims of discrimination and retaliation against ACS under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the New York City Human Rights Law, N.Y. CITY ADMIN. CODE §§ 8–101 *et seq.* ("NYCHRL").  El-Din alleges that ACS unlawfully discriminated against him on the basis of his race and religious affiliation, and retaliated against him for having engaged in a protected act. ACS moves to dismiss, in part, El-Din's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the motion is denied.

**I.     Background[1]**

On or about November 28, 1988, El-Din began working for ACS as a caseworker. In or about August 1999, El-Din was promoted to Child Protective Specialist Supervisor ("CPS Supervisor").

In or about January 1996, El-Din informed ACS that he was a practicing Muslim, and requested permission to leave work early on Fridays to accommodate his religious observance. In or about February 1996, ACS granted El-Din's request.

El-Din alleges that "throughout his employment," individuals employed at ACS "consistently and continuously discriminated against" [him] solely due to his race (Arab) and religion (Islam)." Compl. ¶ 13. In or around March 1998, an ACS employee referred to El-Din as a "terrorist"; following the September 11, 2001 terrorist attacks, "the harassment and discrimination escalated to new levels and . . . El-Din was constantly labeled a 'Muslim Terrorist'" by co-workers at ACS. *Id.* ¶ 21. El-Din identifies various incidents between July 1999 through October 2011, involving at least seven individuals employed by ACS, five of whom El-Din identifies as his supervisors.

On or about November 1, 2010, El-Din filed a complaint with the EEOC alleging unlawful employment discrimination.

On or about July 27, 2011, ACS demoted El-Din from CPS Supervisor II to CPS Supervisor I. This demotion caused El-Din's salary to be reduced from approximately $77,000 per year to approximately $56,000 per year.

---

[1] The following facts are drawn from the Amended Complaint ("Compl.") (Dkt. 17). Except where specifically referenced, no further reference to the Complaint will be made. In the context of a motion to dismiss, the Court assumes the truth of all properly pled allegations and draws all inferences in favor of El-Din.

On February 10, 2012, El-Din filed a Complaint, *pro se*, bringing claims for discrimination and retaliation in violation of Title VII.  On July 13, 2012, after obtaining counsel, El-Din filed an Amended Complaint.  On August 2, 2012, ACS moved to dismiss the Amended Complaint.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully."  *Id.*  Where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.

The Court must accept as true all well-pleaded factual allegations in the complaint, and "draw[ ] all inferences in the plaintiff's favor."  *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (internal quotation marks and citation omitted).  However, to survive a motion to dismiss, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)."  *Twombly*, 550 U.S. at 569 (quoting *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 (2002)).  Nevertheless, the elements of a *prima facie* case "provide an outline of what is necessary to render [a plaintiff's employment

discrimination] claims for relief plausible." *Sommersett v. City of New York*, No. 09-cv-5916, 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011).

**III.    Discussion**

Defendant moves to dismiss part of the Amended Complaint.  He argues that: (1) all claims under Title VII that accrued before January 11, 2011 are time barred; (2) the retaliation claim fails because the alleged retaliatory act (El-Din's demotion) occurred before El-Din filed the EEOC complaint; and (3) the racial discrimination claim fails because, aside from stating that he was identified as Arab, El-Din did not allege that he was discriminated against on the basis of his race.

**A.  Timeliness**

Under Title VII, a New York plaintiff's claim is time-barred if he fails to file a charge with the EEOC within 300 days after the allegedly unlawful practice.  *See* 42 U.S.C. § 2000e-5(e)(1).  An exception exists for discriminatory acts that were part of a continuing policy and practice of prohibited discrimination; however, this "continuing violation" exception applies only to "cases involving specific discriminatory policies or mechanisms." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir.1993), *abrogated on other grounds by Kasten v. Saint–Gobain Performance Plastics Corp.*, 131 S. Ct. 1325 (2011).  "[M]ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Id.*; *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

El-Din alleges that he filed a charge with the EEOC "[o]n or about November 1, 2010." Compl. ¶ 27.  ACS argues, however, that El-Din in fact filed his charge with the EEOC on

[4]

November 2, 2011.  In support of this claim, ACS has submitted for the Court's consideration a purportedly true and accurate copy of the charge of discrimination which El-Din filed with the EEOC.  *See* Declaration of Shakera Khandakar in Support of Defendant's Motion to Dismiss (Dkt. 20) Ex. A, at 4.  On the last page of the document, next to the complainant's signature line—which appears to contain El-Din's signature—is a date line.  It appears to state "11/2/2011."  *Id.*  ACS argues that the Court should consider the attached copy of the EEOC charge, find that El-Din actually filed his charge on November 2, 2011, and on that basis hold that all claims under Title VII that accrued before January 11, 2011 are time barred, and dismissed those claims.

In deciding a motion to dismiss, courts are required to limit their analysis to allegations in the complaint, including any documents incorporated therein.  Matters outside the pleadings cannot be considered.  *See Global Network Commc'ns v. City of New York*, 458 F.3d 150 (2d Cir. 2006); *see, e.g.*, *EEOC v. Local 638*, No. 71-cv-2877, 2012 WL 3594245, at *5 (S.D.N.Y. Aug. 10, 2012); *SEC v. McDermott*, No. 99-cv-12256, 2004 WL 385197, at *2 (S.D.N.Y. Mar. 1, 2004).  "Short of converting the motion into one for summary judgment, courts must exclude the additional evidence and decide the matter on the pleadings."  *Local 638*, 2012 WL 3594245, at *5 (citations omitted).

Here, the Court concludes that the EEOC charge is fairly incorporated in the Complaint.  However, that does not mean that the notation on that document, reading "11/2/2011," must be treated as authoritatively establishing that El-Din filed his charge on that date.  ACS is correct that, if the "11/2/2011" date set out in the EEOC charge were taken as true, and if there were no contrary allegations in the Complaint, then claims of discrimination that accrued prior to January 11, 2011 would be time barred under Title VII.  However, El-Din's Complaint affirmatively

[5]

disputes the accuracy of the facts alleged in the EEOC charge.  And it is well settled that, "although the Court may properly consider the contents of a document in the context of a motion to dismiss, documentary evidence does not trump a plaintiff's contrary factual allegations." *Vogelfang v. Capra*, No. 10-cv-3827, 2012 WL 832440, at *15 (S.D.N.Y. Mar. 13, 2012) (citing *Roth v. Jennings*, 489 F.3d 499, 510–511 (2d Cir. 2007)); *see also Dotson v. Farrugia*, No. 11-cv-1126, 2012 WL 996997, at *4 (S.D.N.Y. Mar. 26, 2012).  Therefore, El-Din's version of events—not the version which appears in the copy of the EEOC charge submitted by ACS—must be taken as true at this stage of the litigation.  The Complaint denies that the facts alleged in the EEOC charge were truthful; it instead contends that El-Din submitted his charge of discrimination with the EEOC on November 1, 2010.

On a motion to dismiss, the Court "draw[s] all inferences in the plaintiff's favor." *Allaire*, 433 F.3d at 250.  In light of El-Din's contrary allegation that he filed his EEOC complaint on November 1, 2010, the Court is not prepared to conclude, without discovery on this point, that the notation on the EEOC complaint authoritatively establishes that El-Din's EEOC complaint was filed on November 2, 2011.  Rather, the discrepancy between El-Din's allegation and the notation on the document provided by ACS must be resolved on a motion to dismiss in El-Din's favor.  ACS is at liberty, in the summary judgment phase of the case, to present evidence establishing the meaning of the date-line notation on the EEOC filing, and any other evidence establishing that the document was filed on November 2, 2011, as the date-line notation appears to indicate.

### B. Retaliation

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must point to evidence in the record showing that: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for his or her position; (3) plaintiff was subjected to an adverse employment action; and (4) the adverse employment action took place under circumstances giving a rise to an inference of discrimination based on plaintiff's membership in the protected class. *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010). ACS argues that El-Din could not have been subject to an adverse employment action, because his EEOC charge was submitted on November 2, 2011. If the EEOC charge was submitted on November 2, 2011, *after* El-Din's July 27, 2011 demotion, then, defendants argue, the demotion could not possibly have been an adverse employment action motivated by El-Din's protected EEOC charge.

Although defendant's logic is sound, its factual premise (that the EEOC charge was not filed until November 2011) cannot, on a motion to dismiss, be treated as true, for the reasons stated above. At this stage, El-Din has alleged that his EEOC charge was submitted on or about November 1, 2010; and that allegation has not been conclusively disproven. Accordingly, El-Din has adequately stated a *prima facie* case of retaliation, and ACS's motion to dismiss as to the retaliation claim is denied.

### C. Racial Discrimination

ACS, finally, argues that El-Din has not adequately pled a claim of discrimination on the basis of race, because, defendants argue, he merely states that he is Arab, without specifically alleging facts supporting a presumption that the discrimination was motivated by his race. The Court rejects this assertion.

To state a claim for discrimination under Title VII, a plaintiff must allege facts supporting that: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for his or her position; (3) plaintiff was subjected to an adverse employment action; and (4) the adverse employment action took place under circumstances giving a rise to an inference of discrimination based on plaintiff's membership in the protected class. *See Gorzynski*, 596 F.3d at 110. However, the Supreme Court has held that it is "impermissibl[e]" to "insist[] that [a plaintiff bringing an employment discrimination claim] allege 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. At this stage, a plaintiff in an employment discrimination case must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.*

Here, El-Din has alleged sufficient facts supporting his claim for discrimination on the basis of race. He alleges that he was demoted to a lower-ranked, lower-paying position at ACS, following a series of discriminatory statements made to him by at least five supervisors (and ACS employees) and extending over a period of more than 10 years. He further alleges that he publicly identifies as an Arab, and that various co-workers at ACS referred to him as a "terrorist." These circumstances sufficiently give rise to an inference of discrimination based on El-Din's race. He has stated "enough facts to state a claim of relief that is plausible on its face." *Id.* Accordingly, El-Din's claim that ACS discriminated against him on the basis of his race survives the motion to dismiss.

## CONCLUSION

Defendant's motion to dismiss the Amended Complaint is denied. The parties are directed to jointly submit a proposed case management plan and scheduling order, in accordance with the Court's Individual Rules, by September 12, 2012.

The Clerk of Court is directed to terminate the motion at docket number 19.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: September 5, 2012
       New York, New York